UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Aurora Loan Services, LLC,

    Plaintiff,

v.                                        Case No.: 8:08-cv-2590-T33-EAJ

Huberto C. Paretas,

    Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff, Aurora Loan Services, LLC's Motion for Default Final Judgment (Doc. 8), filed on January 4, 2009. Defendant, Huberto C. Paretas failed to file a response to the motion. For the reasons that follow, the Court grants the motion.

**I.    Procedural and Factual History**

Aurora Loan Service filed its complaint against Paretas on December 31, 2008. (Doc. 1). A summons was issued on December 31, 2008, and Paretas was served on February 18, 2009. (Docs. 2 and 5). Paretas failed to plead or otherwise defend, and Aurora Loan Service filed a motion for entry of Clerk's default on November 6, 2009. (Doc. 6). The default was entered on November 9, 2009. (Doc. 7). Aurora Loan Service moved for entry of a final default judgment against Paretas on January 4, 2010. (Doc. 8). On March 25, 2010, Attorney Adrian Reyes filed a Notice of Appearance on Paretas's behalf. (Doc. 9). To date, neither Paretas nor his attorney has filed a motion to set aside the Clerk's default.

In the complaint, Aurora Loan Services asserted claims for declaratory relief, recision and equitable modification under Section 1635 of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") related to a loan agreement that Paretas entered into with Lehman Brothers Bank, FSB. Paretas's loan was secured by a mortgage encumbering property he owned in Bradenton, Florida.

On February 20, 2008, Aurora Loan Services conducted an audit of Paretas's loan and discovered an error in the financial disclosures Paretas had executed under TILA. To cure the error, Aurora Loan Services sent Paretas a letter that notified him of the error and provided him with a new TILA disclosure statement and notice of the right to cancel. On March 17, 2008, Paretas sent a response notice through his then counsel requesting rescission of the loan. Aurora Loan Services then sent Paretas a document setting forth the monetary amounts required to complete rescission. Paretas responded to this document by informing Aurora Loan Services that he wished to discuss loan modification in lieu of rescission.

Since initiating modification discussions, however, Paretas has failed to provide the information necessary to support a loan modification or any other settlement alternative. Based on Paretas's failure to perform his obligations in connection with the loan, Aurora Loan Services seeks a declarations of the parties' respective rights and obligations regarding the loan. Aurora Loan Services claims that by virtue of the entry of default, Paretas has admitted that he is unable to effect the rescission of modification he was seeking. Accordingly, Aurora Loan Services claims that it is entitled to entry of a default final judgment declaring that Paretas's right of rescission is terminated and that his mortgage shall remain in full force according to its original terms.

## II. Default Judgment

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirectTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id. Based upon the Clerk's default and the well-pleaded factual allegations contained in the complaint, it has been established that Aurora Loan Services is entitled to the declaratory relief it seeks.

Accordingly, it is

**ORDERED**, **ADJUDGED** and **DECREED**:

1. Aurora Loan Service's Motion for Default Final Judgment (Doc. 8) is **GRANTED**. Accordingly, the Court finds that Paretas's mortgage is not rescinded under TILA and remains in full force according to its original terms. Aurora Loan Services may

3

file a motion for fees and costs for the Court's consideration within 14 days of the date of this Order.

    2.    The Clerk shall enter judgment accordingly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of April 2009.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties and Counsel of Record